Filed 2/2/22  P. v. Ordaz CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B312027 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA026616) |
| v. | |
| RAFAEL STEVE ORDAZ, | |
| Defendant and Appellant. | |

THE COURT:*

Defendant and appellant Rafael Steve Ordaz (defendant) appeals from the order summarily denying his petition for vacatur and resentencing under Penal Code section 1170.95.[1]

In 2003, defendant was charged with one count of attempted premeditated murder in violation of sections 664/187, subdivision (a).  The information also alleged that a principal personally used and intentionally discharged a firearm, causing great bodily injury, in violation of section 12022.53, subdivisions

---

[1]     All further statutory references are to the Penal Code.

(c), (d) and (e)(1), and that the above offense was gang related within the meaning of section 186.22, subdivision (b)(1). Defendant agreed to plead nolo contendere to assault with a firearm in violation of section 245, subdivision (a), in exchange for a sentence to the high term of four years in prison. The original charges were then dismissed.

In February 2021, defendant filed a petition for vacatur and resentencing pursuant to section 1170.95, alleging that an information was filed allowing the prosecution to proceed under a felony murder theory or the natural and probable consequences doctrine; that he was charged with attempted murder; pled no contest to assault with a firearm in lieu of going to trial; and could not now be convicted of attempted murder because of changes to sections 188 and 189 effective January 1, 2019. The petition further alleged that defendant was not the actual killer, did not aid and abet the actual killer with the intent to kill, was not a major participant in the felony or act with reckless indifference to human life, and the victim of the murder was not a peace officer.

On April 1, 2021, the trial court summarily denied defendant's petition upon finding a failure by defendant to make a prima facie case for relief, given the record of conviction of assault with a firearm and not murder under any theory.[2]

---

[2] As amended effective January 1, 2022, section 1170.95, subdivision (a)(2) now extends to those convicted of not only murder, but also attempted murder, or manslaughter after trial or accepting a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. As defendant was not convicted of murder, attempted murder, or manslaughter, he would not be eligible for relief under the

Defendant filed a timely notice of appeal from the order. Appointed counsel found no arguable issues and requested this court to independently review the entire record pursuant to the procedure set forth in *People v. Wende* (1979) 25 Cal.3d 436. Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review the record for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  However if defendant files his own supplemental brief or letter, we review the contentions or arguments set forth therein.  If defendant does not file a supplemental brief, we dismiss the appeal as abandoned.  (*People v. Cole*, *supra*, at p. 1039.)  Defendant was notified of the court's policy and did not file a supplemental brief.

The appeal is dismissed.

---

\*      LUI, P. J.            CHAVEZ, J.            HOFFSTADT, J.

---

amended section 1170.95 as a matter of law.  (See *People v. Aleo* (2021) 64 Cal.App.5th 865, 871-872.)

3